UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONNA J. RINGLING,<br>JOANN JANDREAU,<br>KATHRYN STANDY, and<br>KORY STANDY,<br><br>Defendants. | Case No. 17-cv-4006 (KES)<br><br>ORDER DENYING MOTIONS TO STRIKE DEFENDANTS JANDREAU'S AND RINGLING'S AFFIRMATIVE DEFENSES |

Plaintiff, United States of America, moves to strike the affirmative defenses made by defendants JoAnn Jandreau and Donna J. Ringling. Defendants oppose the motions. For the following reasons, the United States's motions to strike (Dockets 22 and 25) are denied.

**FACTUAL BACKGROUND**

The facts as alleged in the complaint are:

Harold Arshem died testate on December 24, 1999, as a resident of Charles Mix County, South Dakota. Docket 1 at 2. Arshem was survived by three daughters: Donna Ringling, Kathy Standy, and JoAnn Jandreau. *Id.* Arshem was survived by at least one grandson as well: Kory Standy. *Id.* A federal estate tax return was filed on or about May 15, 2008, "reporting a gross estate of $834,336.00 and a net estate tax due to the United States of $28,939." *Id.* "On July 14, 2008, a delegate of the Secretary of the Treasury

made assessments against the Estate for estate tax, penalties and interest totaling $65,874.80, of which $28,939.00 is estate tax, $13,746.02 is penalties, and $23,189.78 is interest." *Id.* at 3. This action was commenced on January 23, 2017, against all four defendants to collect the unpaid taxes, penalties and interest. Jandreau alleges in her answer that on or about April 29, 2014, all four defendants met with who they believed to be "a representative of the IRS and were informed that the United States may not take any action against Defendants." Docket 15 at 4. Jandreau also alleges that an offer to make payment was made to the alleged IRS representative. *Id.*

In their answers to the lawsuit, Ringling and Jandreau pleaded the affirmative defenses of estoppel, waiver, and release. Jandreau also pleaded the affirmative defense of accord and satisfaction.

## **LEGAL STANDARD**

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which sets the standard for when a court "may strike from a pleading an insufficient defense . . . ." This includes "any redundant, immaterial, impertinent, or scandalous matter" that the court may strike either on a party's motion, or independently on its own. Fed. R. Civ. P. 12(f). While district courts have "liberal discretion in ruling under Rule 12(f)[,]" the Eighth Circuit has recognized that "[m]otions to strike . . . are viewed with disfavor and infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

**DISCUSSION**

Defendants Jandreau and Ringling overlap substantially on their affirmative defenses, so both defendants' defenses will be addressed concurrently. Dockets 15 and 10.

## I.   Motion to strike

A Rule 12(f) motion must be filed within twenty-one days after a pleading has been served. Fed. R. Civ. P. 12(f)(2). Ringling pleaded affirmative defenses in her response to the complaint on March 22, 2017. Docket 10 at 2. The United States filed its Rule 12(f) motion on May 12, 2017—fifty-one days after the pleading was served. Docket 25-1.

While the United States's motion to strike Ringling's affirmative defenses was untimely, the Eighth Circuit has stated that because a district court has the authority under Rule 12(f) to act "upon the court's initiative at any time[,]" the district court has the authority to " 'consider untimely motions to strike and to grant them if doing so seems proper . . . .' " *United States v. Lot 65 Pine Meadow*, 976 F.2d 1155, 1157 (8th Cir. 1992) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380, at 652-54 (2d ed. 1990)). For that reason, this court will consider the United States's motion to strike.

## II.   Equitable Estoppel

The Supreme Court and the Eighth Circuit Court of Appeals have warned that courts should be cautious when evaluating estoppel claims against the government. *Bartlett v. U.S. Dept. of Agric.*, 716 F.3d 464, 475 (8th Cir. 2013).

But neither the Supreme Court nor the Eighth Circuit has accepted the position that as a matter of law, the United States may not be estopped. *Wang v. Att'y Gen.*, 823 F.2d 1273, 1276 (8th Cir. 1987).

Instead "[t]he claimant bears the 'heavy burden' of establishing that the government engaged in affirmative misconduct." *Bartlett*, 716 F.3d at 475 (quoting *Morgan v. Comm'r*, 345 F.3d 563, 566 (8th Cir. 2003)). If affirmative misconduct is shown, then the claimant must prove the four traditional elements of estoppel:

> (1) a 'false representation by the government;' (2) government intent to induce the claimant to act on the misrepresentation; (3) a lack of knowledge or inability to obtain true facts on the part of the claimant; and (4) the claimant's 'reliance on the misrepresentation to his detriment.'

*Id.* at 475-76 (quoting *Rutten v. United States*, 299 F.3d 993, 995 (8th Cir. 2002)).

In several instances, the Eighth Circuit has found that private litigants did not have sufficient evidence to support their estoppel defense, but only after trial or on a motion for summary judgment. *See Harrod v. Glickman*, 206 F.3d 783, 793 (8th Cir. 2000) (finding private litigants did not prove estoppel based on government attorney's representations about application of newly enacted regulation); *Morgan v. C.I.R.*, 345 F.3d 563, 567 (8th Cir. 2003) (holding that "negligence and possible bad faith" of an IRS representative about tax liability was "insufficient grounds for estoppel"); *Clason v. Johanns*, 438 F.3d 868 (8th Cir. 2006) (holding "that an FSA officer's incorrect advice did not constitute affirmative misconduct"). The Supreme Court has ruled similarly

4

finding that a "respondent's reliance [was] further undermined" because the government agent's advice was merely oral. *Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 65 (1984).

While Ringling and Jandreau have a heavy burden to meet, estoppel is a recognized defense that has been adequately pleaded and is not foreclosed by prior controlling decisions or statutes. Ringling and Jandreau should have an opportunity to engage in discovery to determine if they can meet the elements of estoppel and show affirmative misconduct on the part of the government. Thus, the motion to strike the defense of estoppel is denied.

## III.   Waiver and Release/Accord and Satisfaction

To prove waiver, there must be "evidence of a voluntary and intentional relinquishment or abandonment of a known right." *Haghighi v. Russ.-Am. Broad. Co.,* 173 F.3d 1086, 1088 (8th Cir. 1999). "An accord and satisfaction consists of two elements: (1) an accord or agreement, in which one of the parties agrees to extend to the other, in satisfaction of a claim, something other than, or different from, that to which the other party considers himself entitled; and (2) a satisfaction, consisting of the actual execution or performance of the accord." *Goldstein Oil Co., v. Sun Oil Trading Co.,* 624 F.Supp. 730, 733 (E.D.Mo. 1985).

Again, Ringling and Jandreau have a heavy burden to meet to prove either affirmative defense, but both defenses are recognized defenses that have been adequately pleaded and are not foreclosed by prior controlling decisions or statutes. They should have the opportunity to engage in discovery to

determine if they can meet the elements of either defense. Thus, the motion to strike theses defenses is also denied.

**CONCLUSION**

Under the facts of this case, the court finds that it is premature at this stage to strike the affirmative defenses that have been adequately pleaded by Ringling and Jandreau.

Thus, it is

ORDERED that plaintiff's motions (Dockets 22 and 25) to strike defendants Jandreau's and Ringling's affirmative defenses are denied.

Dated August 30th, 2017.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE